IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE MITCHELL COMPANY, INC., ) | |
| MODEL HOMES, LLC, and HEXAGON ) | |
| INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 08-0342-KD-C |
| ) | |
| JOSEPH J. CAMPUS III, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN B. SAINT, ) | |
| ) | |
| Additional Counterclaim Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Joseph J. Campus, III's Motion For Preliminary Inunction and Stay (Doc. 63)[1] and Plaintiff's response in opposition thereto (Docs. 68, 69). The Court finds that Campus' motion is due to be **GRANTED** as follows.[2]

---

[1] To the extent that Campus' request for injunctive relief regarding his entitlement to advancement of defense expenses was not included in his counterclaim, the Court construes this motion as amending same, to include said request.

[2] In so doing, the Court has ruled without an evidentiary hearing. A hearing is required on a motion for a preliminary injunction only if there are contested issues of fact that require credibility determinations. See, e.g., Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1211 (11th Cir. 2003) (providing that an "evidentiary hearing is not always required before the issuance of a preliminary injunction" unless "facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue") (citations omitted); Cumulus Media, Inc. v. Clear Channel Communications, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002) (concluding that where little dispute exists as to raw facts, and the dispute revolves around inferences to be drawn from such facts, it is left to the district court's sound discretion to determine whether an evidentiary hearing is necessary); McDonald's Corp. v. Robertson, 147 F.3d 1301 (11th Cir. 1998) (same). See also e.g., All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1538 (11th Cir. 1989) (stating that "[a]n evidentiary hearing is not always required before issuance of a preliminary injunction[]"). Here, Plaintiffs have already had notice and an opportunity to respond to Campus' motion, in fact filing an

On March 3, 2009, this Court ruled on Campus' motion for partial summary judgment, granting his claim for advancement of defense expenses in the underlying action but denying his claim for fees on fees concerning same. (Doc. 54). In so doing, the Court stated, in part, as follows:

> While a corporation may determine that other concerns outweigh the goals promoted by advancement of legal expenses, such that advancement should be made optional or should not be permitted at all, here, TMC did not make this choice. Rather, **TMC chose, and more importantly contracted, to be 100% responsible for the legal expenses incurred by Campus defending _any_ claims pertaining to his status as an officer of TMC**. While TMC has raised numerous contentions in its opposition to Campus' motion (notably with regard to indemnification and concerning Campus' alleged wrongdoing, which Campus disputes), TMC has failed to demonstrate the existence of a genuine issue of material fact which would preclude entry of summary judgment on the narrow issue of advancement. See, e.g., Reddy, 2002 WL 1358761, *3-4. The pertinent question for this summary judgment then, has been not whether Campus may later be found to have engaged in negligence, gross negligence or intentional conduct, but rather, whether he has demonstrated that TMC has denied a right to advancement to which he is entitled. The merits of the underlying action are irrelevant to whether advancement (and fees on fees for having to seek same) must be awarded here and now. As noted in DeLucca, "[t]he right to advancement does not go away simply because the entity from which advancement is sought is alleging that . . . [the corporate officer] has committed perfidious acts against it. Indeed, it is precisely in the circumstance where a business official is accused of serious wrongdoing that the right to advancement is critical, as that right secures the fund for the official to defend [him]self." Delucca, 2006 WL 224058, *11. In sum, TMC's Indemnity Agreement with Campus provides for mandatory payment of his defense costs for covered claims. If it is ultimately determined that Campus' conduct is not indemnifiable due to negligence, gross negligence or intentional misconduct, then Campus will have to repay any expenses advanced. Unless or until such final order or judgment is issued, however, TMC is required to pay and advance the defense costs to Campus. The court is not in a position, after the fact, to relieve the parties of the burdens of the contract that they executed and that now, one party, wishes had been drafted differently.

(Id. at 32-33 (emphasis added)).

In his motion, Campus seeks injunctive relief concerning his advancement of expenses in

---

opposition to same. Additionally, a review of the parties' submissions reveals no material disputes as to facts that are relevant to the issue of advancement (as opposed to indemnification) that must be resolved before ruling on the injunctive relief motion. Accordingly, the Court finds that no hearing is required.

both the underlying and instant actions; namely, that the Court require TMC to advance his legal fees and expenses because to date, TMC has not done so and instead has stated that it "disagrees" with the Court's Order and will "in no way acquiesce to it." (Doc. 56 at Ex. A). In response, TMC's opposition focuses primarily on the ultimate end conclusion (*i.e.*, whether Campus will be found liable and indemnifiable), the assumption of Campus' liability due to unclean hands[3] and "admissions [which] guarantee he cannot prevail[.]" (Doc. 68). While Campus may ultimately be found liable and thus, unindemnifiable, as already explained in the Court's Order awarding advancement (see, e.g., Doc. 54 at 27-28), that determination is irrelevant to the immediate question of Campus' entitlement to advancement of expenses here and now. More significantly, that determination is wholly irrelevant to the request for injunctive relief currently before the Court. What matters is whether Campus has established the requisite elements for such relief evidencing entitlement to same, not whether he is entitled to indemnification from TMC.

To be eligible for preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a movant must establish each of the following elements: 1) a substantial likelihood of

---

[3] As detailed in the Court's summary judgment Order which already ruled on TMC's claim of unclean hands (as barring Campus' claim for advancement):

> .... There has been no trial. There have been no "findings" with regard to Campus' alleged conduct. There has been no determination --whatsoever – regarding his liability. Additionally, Campus has repeatedly denied liability to TMC, as well as TMC's allegations against him. Moreover, the issue before the Court is not Campus' purported bad conduct, because at this point, only his right to advancement under the terms of the Indemnity Agreement, not indemnification, is at issue. This means that even if the Court views TMC's allegations in the light most favorable to the corporation, Campus' alleged conduct is irrelevant, such that any doctrines premised on same are simply inapplicable . . . . An officer's entitlement to advancement is a matter independent of the merits of the suit for which the money is sought and the right to advancement is not dependent upon the right to indemnification . . . .

(Doc. 54 at 27-28 (citations omitted)).

success on the merits; 2) that irreparable injury will be suffered if the relief is not granted; 3) that the threatened injury to the movant outweighs the harm that the relief would inflict on the non-movant; and 4) that entry of the relief would not disserve the public interest. See, e.g., KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-1226 (11th Cir. 2005); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). See also Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1225 (10th Cir. 2009). In the Eleventh Circuit, "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted).

The Court addresses each of these elements in turn. First, Campus not only has shown a substantial likelihood of success on the merits of his advancement claim, but he has established *actual* success on the merits of one of his claims as evidenced by this Court's prior ruling which awarded him advancement of expenses in the underlying action under the terms of the Indemnity Agreement (Doc. 54).

Also, Campus seeks – for the first time – a determination concerning advancement of defense expenses in the instant action. In the instant action, Plaintiffs allege that their claims against Campus are based on his violation of fiduciary duties to TMC and set forth specific allegations revealing that their claims arise from Campus' performance of duties as TMC officer. While Campus set forth a count for such relief in his Amended Counterclaim, he did not seek summary judgment on this count, instead only seeking such relief with regard to his claim for advancement of defense expenses in the underlying action (CV 07-177). As such, in ruling on Campus' prior motion for partial summary judgment, the Court found that he was entitled to advancement of his

4

expenses in the underlying action. (Doc. 54). Nevertheless, for those same reasons articulated in the Court's Order (*i.e.*, because TMC contracted "to be 100% responsible for the legal expenses incurred by Campus defending *any* claims pertaining to his status as an officer of TMC" (Doc. 54 at 32 (emphasis in original)), the Court finds that Campus' claim for advancement of defense expenses in the instant action is likely to succeed.[4]

On the issue of irreparable harm, TMC contends that Campus has failed show irreparable injury because he has not shown that he is unable to retain counsel from his own funds. However, the issue is not whether Campus has sufficient funds to pay for his defense.[5] Rather, the issue is whether Campus will irreparably suffer a loss.

Pursuant to the Indemnity Agreement, Campus is contractually entitled to payment of his defense costs until there is a judicial determination that he has engaged in behavior that vitiates his right to indemnification. If the Court does not issue injunctive relief requiring TMC to pay for the advances during the litigation, then Campus' advancement right will be eviscerated and rendered meaningless. See, e.g., In re Worldcom, Inc. Securities Litigation, 354 F. Supp. 2d 455, 469-470 (S.D.N.Y. 2005); Westar, 552 F.3d at 1225. See also Homestore, Inc. v. Tafeen, 886 A.2d 502, 505 (Del. 2005) (recognizing that "to be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost[]").

Third, Campus has shown that the threatened injury to him outweighs the harm that an

---

[4] TMC's opposition addresses this element in sparse fashion (one sentence), linking it to whether Campus will succeed on the merits of the underlying action (Doc. 68 at 10); clearly, however, that is not the issue.

[5] Even so, Campus asserts that he has been deprived of means to pay for his defense because funds (more than $2 million) in bonus money, severance pay and payment for his interests in Model Homes, LLC and Hexagon Investments, LLC, have been tied up by the litigation with TMC. (Doc. 63 at n.2).

injunction requiring advancement of expenses may cause TMC. Siegel, 234 F.3d at 1176. The threatened injury to Campus is an irretrievable loss of a contractual right and having to pay for his own defense out of his own pocket. Interestingly, TMC's opposition is silent on this issue. In fact, apart from alleging that Campus has stolen from the company and engaged in wrongdoing, TMC does not address precisely how advancement of Campus legal expenses will harm TMC to such an extent as to outweigh any threatened injury to Campus. TMC's prospective harm, at worst, is that it runs the risk of non-payment if it is ultimately found that Campus is not entitled to indemnification *and* Campus is unable to pay the amounts advanced. TMC, however, contracted for such when it entered into the Indemnity Agreement with Campus, contracting to pay for his defense at its own expense. Westar, 552 F.3d at 1227. As such, Campus' threatened injury outweighs the harm to TMC.

Fourth, Campus has shown that an injunction will not disserve the public interest. Public policy favors honoring advancement agreements. As noted in the Order on summary judgment, "[t]he Alabama legislature has decided, as a matter of public policy, to allow corporations to advance legal fees to officers and directors." (Doc. 54 at 19). Alabama's public interest would be served by protecting Campus' right to advancement through the issuance of a preliminary injunction to enforce that right. See, e.g., Westar, 552 F.3d at 1227. In its opposition, TMC relies upon RABCA for its public policy argument; however, as already ruled in the Court's prior Order (Doc. 54 at 20-27), the specific requirements of RABCA are inapplicable to this particular contract. As such, the Court finds that the injunctive relief sought will not disserve the public interest.

In sum, Campus' Motion for Preliminary Injunctive Relief is **GRANTED** with respect to advancement of his defense expenses both in the underlying action (CV 07-177), as well as in the

instant action (CV 08-342). Accordingly, TMC is hereby preliminarily enjoined from refusing to provide such expenses to Campus and is required to immediately pay the reasonable expenses of Campus' defense.

This matter is **REFERRED** to U.S. Magistrate Judge William E. Cassady for the handling of all issues relating to the preliminary injunctive relief granted herein, as well as its expedited enforcement and resolution of any remaining disputes as to what constitutes reasonable expenses (including Campus' pending request for entry of a stay).

**DONE** and **ORDERED** this the **4th** day of **June 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**