IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THE MITCHELL COMPANY, INC.,** ) | |
| **MODEL HOMES, LLC, and HEXAGON** ) | |
| **INVESTMENTS, LLC,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO 08-0342-KD-C** |
| ) | |
| **JOSEPH J. CAMPUS, III,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| v. ) | |
| ) | |
| **JOHN B. SAINT,** ) | |
| ) | |
| Additional Counterclaim Defendant. ) | |

**ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised and a *de novo* determination of those portions of the recommendation to which objections have been made (Docs. 99, 100, 101), the well-reasoned and thorough Report and Recommendation of the Magistrate Judge made under the order of reference and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure and dated July 29, 2009, is hereby **ADOPTED** as the opinion of this Court with the following exceptions:

Regarding the rates recommended for Campus' counsel at the law firm of Carlton Fields in Atlanta, Georgia, the Court finds as follows. Campus seeks recovery for attorneys' fees billed by his lead attorney James H. Cox ($500-$525/hour) and another primary associate attorney Derek Harris ($300-$320/hour), at that firm, among others. As noted by U.S. Magistrate Judge Cassady

in the Report and Recommendation, the evidence supplied by Campus does not reveal any of these rates to be reasonable when compared to the rates charged by comparable attorneys in Mobile, Alabama, the site of litigation, for attorney work performed in this case.  TMC admits in its Objection that "the rates charged by Campus' local counsel, Johnston Adams, were reasonable for this litigation, conducted in Mobile, by attorneys of this experience." (Doc. 100 at 2).  As noted by Judge Cassady, the record reveals that the invoices from Johnstone Adams reflect that Alan C. Christian, an attorney with comparable experience to James Cox, has billed time in this case at the rate of $255/hour and that Rick A. La Trace, an attorney with comparable experience to Derek Harris, has billed time in this case at the rate of $155/hour.  After careful consideration of the years of experience and billing rates for attorneys at Johnston Adams in conjunction with those of Carlton Fields, the Court finds (relying as well on its own expertise)[1] the following rates appropriate for this litigation: 1) Mr. Cox - $275/hour; 2) Mr. Leonard-$275/hour; and 3) Ms. Ciampa-$225/hour.  In light of the foregoing, the amount of reasonable attorneys' fees due to be advanced to Campus is **ADJUSTED** to the following amounts for compensable work performed by attorneys from the law firm of Carlton Fields: **1) Mr. Cox - $36,382.50** (132.3 hours at $275/hour); **2) Mr. Leonard-$82.50** (.3 hours at $275/hour); and **3) Ms. Ciampa - $4,432.50** (19.7 hours at $225/hour). Accordingly, TMC is **ORDERED** to immediately advance to Campus **$131,060.00** in legal fees (adjusted from the original award of $148,506.50 for the aforementioned reasons), *in addition to* those other amounts previously awarded and specified under the Report & Recommendation (Doc. 95) for services rendered pertaining to the defense of Campus in the underlying action (CV-07-177-KD-C) and the instant action (CV 08-342-KD-C).  **It is further ORDERED that TMC shall pay**

---

[1] Including a review of this Court's award of attorneys' fees in CV 06-70 for Vincent F. Kilborn, III, a seasoned attorney with comparable years of legal experience in complex litigation.

**all monies due to Campus (as specified in this Order and the Report & Recommendation)** *within ten (10) days of the date of entry of judgment.*

Concerning the imposition of the post-judgment interest rate at the rate of 12% in the Report and Recommendation pursuant to Section 8-8-10 of the Alabama Code (1975), this Court finds that any post-judgment interest shall accrue at the rate set by the federal statutory rate pursuant to 28 U.S.C. § 1961 instead.  See, e.g., C.M. Brod. & Co., Inc. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir. 1985) (holding that in diversity cases, the federal statute for post-judgment interest applies).

All other objections raised by the parties (Docs. 99, 100, 101) have been considered and are **DENIED.**

**DONE** and **ORDERED** this the **18th** day of **August 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**